NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-189-KSF

CHRIS NOVAK                                                                                          PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, *Warden*                                                              RESPONDENT

Chris Novak is confined in the Federal Medical Center ("FMC-Lexington"), which is located in Lexington, Kentucky. On May 21, 2009, Novak filed a *pro se* Petition for a writ of habeas corpus under 28 U.S.C. § 2241. The named respondent is Stephen Dewalt, the Warden of FMC-Lexington. Novak has paid the $5.00 filing fee.

The Court screens the petition in accordance with 28 U.S.C. §2243. *See also Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).[1] Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if the court determines the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

For the reasons set forth below, the Court will deny Novak's § 2241 petition for failure to state a claim upon which relief can be granted.

---

[1] A *pro se* petition is held to lower standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a § 2241 petition are taken as true and liberally construed in favor of the petitioner. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

CLAIMS ASSERTED AND RELIEF REQUESTED

Novak alleges that the Bureau of Prisons ("BOP") violated his right to due process of law, guaranteed by the Fifth Amendment of the United States Constitution. Novak challenges disciplinary sanctions imposed against him, specifically the loss of 41 days of Good Conduct Time ("GCT"), resulting from a September 25, 2009 disciplinary hearing which occurred at FMC-Lexington. Novak contends that there was insufficient evidence to support the punishment. He seeks the reinstatement of the 41 days of GCT.

ALLEGATIONS OF THE PETITION
1. Disciplinary Charges and Conviction

On September 12, 2008, Special Investigative Technician J. Wainscott, of the Special Investigative Services ("SIS"), issued an "Incident Report" charging Petitioner Novak with "Use of Any Narcotic, Marijuana, Drugs, or Related Paraphernalia not Prescribed for the Individual," which is a violation of BOP Code No. 112.[2] Specifically, the Incident Report alleged as follows;

> Description Of Incident, (Date: 09-12-2008 Time: 8:00 a.m. Staff become {sic} aware of incident) On September 12, 2008 at 8:00 a.m., written confirmation was received from National Toxicology Laboratories that urine specimen #BOP0000600669, which was provided by inmate Chris Novak #19155-424; tested positive for Opiates - Morphine. This urine specimen was provided by inmate Novak on 09-07-2008 at 6:26 p.m., in the presence of Officer R. Cruz. A review of medical records revealed Inmate Novak. was not prescribed this or any other medication at the time the specimen was collected; which would have resulted in positive confirmation for Opiates - Morphine.

---

[2] The various levels of Bureau of Prisons ("BOP") offenses are set forth in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

[Record No. 2-3, p.2]. The Unit Disciplinary Committee ("UDC") referred the Code 112 charge to the DHO for disposition [*See Id*., ¶ 18 (B)].[3]

## 2. September 25, 2008 Disciplinary Hearing

On September 25, 2008, Disciplinary Hearing Officer ("DHO") Timothy Smart conducted the disciplinary hearing. On October 21, 2008 the DHO issued a Report which contains a summary of the disciplinary proceedings [Record No. 2-3, p. 5].

At the hearing, Novak waived staff representation. He admitted that in April of 2008, he saved a Percocet pill which had been dispensed to him under a dentist's order following dental surgery. Just prior to the urine test, he had taken the pill because he was experiencing pain. The DHO Report states that "Upon questioning by the DHO, Novak stated that the allegations contained in the Incident Report were true." [*Id*., § II (C)].

## 3. DHO's Decision

DHO Smith found Petitioner Novak guilty of committing the BOP Code 112 offense, relying in large part on Novak's own admission. The DHO then listed the documentary evidence upon which he relied in making his findings: (1) Chain of Custody for Drug Analysis; (2) Laboratory Report stating positive specimen; (3) Memorandum for Review by Health Services Staff; (4) Memorandum dated 09-07-08, Written by M. Hardin, R.N.; (5) Memorandum dated 09-07-09 written by R. Cruz, CO (Correctional Officer); and (6) medication Summary for Inmate Novak [*Id*., § III (d) Section "D"].

---

[3] Pursuant to 28 C.F.R. § 514.13, the UDC must refer any charged offense which falls into the "Greatest Severity Prohibited Act" category to a DHO for disposition

In Section V of the DHO Report entitled "**Specific Evidence Relied on to Support Findings**," DHO Smart stated that the laboratory documentation revealed that a prohibited substance had been found in Novak's urine on September 7, 2008, and that Novak's medical records further revealed that he had not been prescribed the substance on that date [*Id*., § V]. Based on these facts, DHO Smart concluded that Novak was guilty of the charged offense. He was not persuaded by Novak's argument that he should have been exonerated of the charge because the medication had in fact been prescribed to him several months earlier in connection with prior dental surgery he had undergone.

DHO Smart imposed the following sanctions: (1) forfeiture of 41 days of Good Conduct Time; (2) Confinement in Disciplinary Segregation for 30 days; (3) loss of visitation privileges for one year; and (4) after the expiration of the one year, visitation privileges restricted to immediate family only [*Id*., § VI, p. 5]. The DHO explained that an offense of this nature warranted harsh negative consequence, because such conduct could lead to "serious behavioral problems which can jeopardize the lives of inmates and staff at this institution." DHO Smart then explained both the short-term and long term purposes of each of the four sanctions imposed [*Id*., § VII].

### 4. Appeal of October 21, 2008, DHO Report

Novak appealed to the Mid-Atlantic BOP Regional Office. On January 30, 2009, BOP Regional Director K. M. White denied Novak's BP-10 appeal, finding that there was sufficient evidence to support both the DHO's determination of guilt and the sanctions imposed [Record No. 2-3, pp. 8-9]. White explained that the decision of the DHO is to be based on at least some

4

facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. Regional Director White determined that DHO Smart's conclusion had been based on the greater weight of the evidence. The Regional Director found no credence to Novak's argument that he had originally been prescribed pain medication and had only deferred the taking of it until he experienced an episode of pain on the date the urine test had been administered.

White stated that Novak's actions in smuggling the controlled substance out of a pill line, where and when it had originally been dispensed to him under medical orders, and waiting months thereafter before deciding to take the substance on his own initiative, constituted a violation of BOP Code No. 112.[4] White upheld the disciplinary conviction and all sanctions imposed as being appropriate for a "Greatest Category" Offense [*Id.*, p.9].

---

[4]

Regional Director White stated:

We find your recent challenge to the DHO decision to be without merit. Your medical file was examined by staff in Health Services and it was determined that you were not **currently** prescribed any medication, nor authorized to take any medication, which would result in a positive urine screening test for Opiates/Morphine. **Inmates are not allowed to maintain possession of these sort of drugs and must ingest them at pill lines or under the direct supervision of staff**. There is no evidence which corroborates the medication you were prescribed by the dentist is the source of the positive drug test. But even if that were true, P.S. 6060.08, Urine Surveillance to Detect and Deter Illegal Drug Use, defines a six (6) day detection period for Opiates/Morphine. That would provide you a six day grace period from the time you were last properly issued any drug which might cause a positive urine screening for Opiates/Morphine, not five months. **Therefore, if you did manage to smuggle some of that medication and ingest it five months later, you were not taking it by order/prescription of the medical officer at that time, and would not be excused. The fact remains that a controlled substance, that you were not prescribed or authorized to be taking at the time the urine specimen was collected, was detected in your system, and the charge is valid.**

[*Id.*, p.8, (Emphasis Added)]

Novak appealed to the BOP Central Office. On April 14, 2009, Harrell Watts, the Administrator of National Inmate Appeals, denied Novak's BP-11 appeal [*Id.*, p. 11]. Watts determined that the conviction was supported by the record and that the DHO Report complied with Program Statement 5270.07, *Inmate Discipline and Special Housing Unit*.

### 5. Novak's Legal Arguments

In his § 2241 petition, Novak reiterates the argument which he raised at the DHO hearing and during the administrative appeal process. Novak explains that he had undergone extensive dental surgery in April of 2008, and that as a result of the surgery, he continued to experience severe dental pain. He freely admits that he "secreted" a pain pill when it had dispensed to him in April of 2008, saving it for a later occasion when he might need it for pain relief.

Novak contends that because prison staff had legitimately dispensed the Percocet pill to him during a pill-line handout five months prior to the September 7, 2008 urine test, he should have been relieved of the charged offense. Novak argues the purpose and intent of BOP Code 112 is to punish inmates who have never been authorized to possess a controlled substance, not someone like him who had originally been authorized to take the substance, but had simply decided to hide the pill and take it when he deemed it medically necessary. He asserts that the DHO's unnecessarily "hard-line" decision and the severe sanctions imposed violated his Fifth Amendment right to due process of law.

### DISCUSSION
### 1. Due Process Requirements for Disciplinary Hearings

An inmate in prison disciplinary proceeding is entitled to certain minimum due process protections: (1) the right to receive written notice of the charges against him at least 24 hours

before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S. Ct. 2963 (1974); *Espinoza v. Peterson*, 283 F.3d 949, 952 (8th Cir.); s*ee also Allen v. Reese*, 52 Fed. Appx. 7, 8 (8th Cir.2002) (unpublished opinion) (holding that federal prisoner's right to due process was satisfied, as he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of the DHO's decision).

The requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L. Ed. 560 (1927). A disciplinary action should be upheld if it is supported by "some evidence." *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 2774, 86 L. Ed.2d 356 (1985). This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*.

Federal courts do not assess credibility or weigh the evidence when reviewing a disciplinary conviction. In *Superintendent v. Hill*, the Supreme Court held that:

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process . . . . [a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

*Id.* at 454-55.

Therefore, a district court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes. *Id*. at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. *Id.* at 457.

Ascertaining whether the "some evidence" standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. A DHO is not required to base his finding on overwhelming or irrefutable proof of guilt. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See Wolff*, 418 U.S. at 556; *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-134, 44 S.Ct. 260, 68 L. Ed. 590 (1924); *Willis v. Ciccone*, 506 F.2d 10 11, 10 18 (8th Cir.1974). The threshold requirement of only "some evidence" is a relatively low one.

## 2. Legal Requirements Applied to Facts

Here, the record reveals an evidentiary basis for DHO Smart's determination that Novak was guilty of violating BOP Code 112. In addition to the laboratory report, the chain of custody documentation and Novak's medical records, Novak <u>admitted</u> at the hearing that he had in fact secreted a pain pill from the pill-hand out line several months before, and had kept and used it for pain relief at his own discretion long after he had originally been authorized by the medical

staff to take the medication. Thus, Novak admitted that the Incident Report was accurate.[5]

Next, Novak argues that in April of 2008, months prior to the urine test, he had been prescribed Percocet following dental surgery and had actually been administered Percocet at that time. The DHO did not exceed his authority disregarding the fact that a pain killer had been prescribed to Novak months earlier. The DHO had discretion to disregard a defense which he found to lack substance. Credibility determinations of hearing officers cannot be disturbed on appeal. *See Sarmiento v. Hemingway*, 93 F. Appx 65, 68 (6th Cir.2004); *Wagner v. Seely*, 915 F.2d 1575, 1576 (7th Cir.1990) (unpublished); *Murtaugh v. Edmonson*, 815 F.2d 79 (6th Cir.1987).

Again, the DHO certainly had "some evidence" upon which to base a finding guilt. The medical records produced at the hearing revealed that by September 7, 2008, there was no medical authorization for Novak to take any kind of medication which would have resulted in a positive drug reading from a urine test. Thus, Novak's secret possession and ingestion of a substance in September of 2008, after the authorization for the medication expired, constituted

---

[5]

*See Colon v. Williamson*, No. 08-3246, 2008 U.S. App., 2009 WL 921379, **2 (3rd Cir. (Pa.) April 7, 2009) (the DHO' findings were clearly supported by "some" evidence of an inculpatory nature, consisting of: the incident report; the toxicology report from Colon's urine sample; a chain of custody form confirming that the urine belonged to Colon; Colon's medical file; a memorandum authored by the investigating officer; and Colon's own admission of guilt.); *Sandoval-Carrasco v. Driver*, No. 1:07-CV-00145, 2008 WL 2444738 (N.D. W. Va., June 14, 2008) (district court affirmed disciplinary sanctions where the specific evidence upon which DHO relied in finding federal prisoner guilty of Code 112 violation included statement of reporting officer; National Toxicology Chain of Custody for Drug Analysis; laboratory report; memorandum verifying no medical reason for positive result; and prisoner's admission at the hearing that the report was accurate); and *Talouzi v. O'Brien*, No. 05-CV-127-HRW, 2006 WL 13115, at *3 (E. D. Ky., January 3, 2006) (admission from the petitioner, at not one but two administrative levels, that he possessed the contraband constituted more than "some evidence" that he possessed contraband in violation of Code 305).

a violation of BOP Code 112. Finally, as Harrell Watts noted when he denied Novak's BP-11 appeal, there was no evidence to corroborate Novak's claim that the medication which he had been prescribed months earlier was the source of the positive drug test.

### 3. Sanctions were Not Excessive

Novak contends that the sanctions were excessive. This argument lacks merit. Despite the fact that penalty imposed - -the loss of 41 days of GCT - - was most severe, the sanctions imposed are clearly authorized by Table 3 of the "Prohibited Acts and Disciplinary Severity Scale" set forth in 28 C.F.R. § 541.13.[6]

### SUMMARY

Petitioner Novak's disciplinary conviction for the Code 112 offense was supported by "some" evidence as required by *Superintendent v. Hill*. Novak has not established that the DHO violated his Fifth Amendment right to due process of law. Novak's conviction and loss of 41 days of GTC will stand and the § 2241 petition will be dismissed with prejudice.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Petitioner Chris Novak's Fifth Amendment due process claims  stemming

---

[6]
Forfeiture or withholding of good-time credit is an authorized sanction for certain disciplinary violations. 28 C.F.R. § 541.13. Pursuant to section 541.13, the following are available for disciplining an inmate who violates the rule against narcotics use: (1) recommendation of a parole date rescission or retardation; (2) forfeiture of up to 100% of earned statutory good-time credit; (3) termination or disallowance of extra good-time credit available for the year; (4) recommendation of a disciplinary transfer; (5) disciplinary segregation for up to 60 days; (6) monetary restitution; (7) withholding of statutory good-time credit; and (8) loss of privileges. 28 C.F.R. § 541.13(a)(1) & (f).

from his conviction for violating BOP Code No. 112,"Use of Any Narcotic, Marijuana, Drugs, or Related Paraphernalia not Prescribed for the Individual,"are **DISMISSED WITH PREJUDICE**.

(2) Petitioner Chris Novak's petition for Writ of Habeas Corpus [Record No. 2] is **DENIED**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

This October 14, 2009.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge